**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| **BRIAN CALDWELL & MARY CALDWELL, INDIVIDUALLY AND AS HUSBAND AND WIFE** | : | Civil Action No. |
| 315 Linden Lane | : | |
| Rio Grande NJ 08242 | : | **JURY TRIAL DEMANDED** |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **SALEM COUNTY D/B/A SALEM COUNTY CORRECTIONAL FACILITY** | : | |
| 125 Cemetery Road, | : | |
| Woodstown, NJ 08098 | : | |
| | : | |
| and | : | |
| | : | |
| **JOHN CUZZUPE** | : | |
| In their official capacity as Warden | : | |
| Salem County Correctional Facility | : | |
| 125 Cemetery Road, | : | |
| Woodstown, NJ 08098 | : | |
| | : | |
| and | : | |
| | : | |
| **JOHN/JANE DOE CORRECTIONS OFFICERS** | : | |
| Individually and in their official capacity as | : | |
| Corrections Officers | : | |
| Salem County Correctional Facility | : | |
| 125 Cemetery Road, | : | |
| Woodstown, NJ 08098 | : | |
| | : | |
| and | : | |
| | : | |
| **CFG HEALTH SYSTEMS, LLC** | : | |
| 711 East Route 70, | : | |
| Suite D-125 | : | |
| Marlton, NJ 08053 | : | |
| | : | |

1

and                                                     :
                                                        :
**DENISE R. RAHAMAN**                                   :
In their official capacity as Executive                 :
Director                                                :
CFG Health Systems, LLC                                 :
711 East Route 70,                                      :
Suite D-125                                             :
Marlton, NJ 08053                                       :
                                                        :
and                                                     :
                                                        :
**JOHN/JANE DOE DOCTORS AND**                           :
**NURSES**                                              :
Individually and in their official capacity as          :
Doctors and Nurses                                      :
CFG Health Systems, LLC                                 :
711 East Route 70,                                      :
Suite D-125                                             :
Marlton, NJ 08053                                       :
                                                        :
and                                                     :
                                                        :
**STATE OF NEW JERSEY D/B/A NEW**                       :
**JERSEY STATE POLICE**                                 :
New Jersey State Police                                 :
Division Headquarters                                   :
P.O. Box 7068                                           :
West Trenton, NJ 08628                                  :
                                                        :
and                                                     :
                                                        :
**DETECTIVE FALLON**                                    :
Individually and in their official capacity as          :
Trooper                                                 :
New Jersey State Police                                 :
Division Headquarters                                   :
P.O. Box 7068                                           :
West Trenton, NJ 08628                                  :
                                                        :
and                                                     :
                                                        :
**TROOPER CIMATO**                                      :

2

| | |
|---|---|
| Individually and in their official capacity as | : |
| Trooper | : |
| New Jersey State Police | : |
| Division Headquarters | : |
| P.O. Box 7068 | : |
| West Trenton, NJ 08628 | : |
| | : |
| and | : |
| | : |
| **TROOPER ZIMA** | : |
| Individually and in their official capacity as | : |
| Trooper | : |
| New Jersey State Police | : |
| Division Headquarters | : |
| P.O. Box 7068 | : |
| West Trenton, NJ 08628 | : |
| | : |
| and | : |
| | : |
| **TROOPER JOHN/JANE DOES** | : |
| Individually and in their official capacity as | : |
| Trooper | : |
| New Jersey State Police | : |
| Division Headquarters | : |
| P.O. Box 7068 | : |
| West Trenton, NJ 08628 | : |
| Defendants. | : |

## COMPLAINT

### PARTIES

1. Plaintiff, Brian Caldwell, is an adult individual, who resides at 315 Linden Lane, Rio Grande NJ 08242. Plaintiff is married to Mary Caldwell.

2. Plaintiff, Mary Caldwell ("Mrs. Caldwell"), is an adult individual, who resides at 315 Linden Lane, Rio Grande NJ 08242.

3. Defendant, Salem County d/b/a Salem County Correctional Facility ("SCCF"), is a county jail located at 125 Cemetery Road, Woodstown, N.J., 08098.

4.  Defendant, John Cuzzupe, is an adult individual who, at all times material hereto, acted in his official capacity as Warden at SCCF.

5.  Defendant, John/Jane Doe Corrections Officers, are adult individuals who, at all times material hereto, acted in their individual or official capacity as Corrections Officers.

6.  Defendant, CFG Health Systems, LLC, is a for-profit corporation contracted by SCCF to provide medical and health services to detainees and inmates in the custody of SCCF. CFG Health Systems, LLC, is headquartered at 711 East Route 70, Suite D-125, Marlton, N.J. 08053.

7.  Defendant, Denise R. Rahaman, is an adult individual who at all times material hereto acted in her official capacity as Executive Director of Correctional Services for CFG Health Systems, LLC.

8.  Defendant, John/Jane Doe Doctors and Nurses, are adult individuals who, at all times material, were employed by SCCF or CFG Health Systems and were involved in Plaintiff B.C.'s medical care, and lack thereof, at SCCF.

9.  Defendant, State of New Jersey d/b/a New Jersey State Police, is a state law enforcement agency that operates within the State of New Jersey.

10. Defendant, Detective Fallon #7856, is an adult individual, who at all times material, acted in their individual or official capacity as a Detective.

11. Defendant, Trooper Zima #8104, is an adult individual, who at all times material, acted in their individual or official capacity as a Trooper.

12. Defendant, Trooper N. Cimato #8568, is an adult individual, who at all times material, acted in their individual or official capacity as a Trooper.

4

13. Defendant, Trooper John/Jane Does, are adult individuals, who at all times material, acted in their individual or official capacity as a Trooper. Trooper Jane/John Does are Troopers who had contact with Plaintiff while he was in the custody of New Jersey State Police.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over Plaintiff's §1983 claim based on 28 U.C.S. §1331 because they relate to Plaintiff's rights under U.S. Const. Amend. IV and XIV.

15. This Court has supplemental jurisdiction over Plaintiff's state law claims in accordance with 28 U.S.C. §1367.

16. Venue is appropriate in the District of New Jersey, pursuant to 28 U.S.C. §1391, because the events underlying Plaintiff's claims occurred in the District.

## OPERATIVE FACTS

17. On July 7, 2022 around 12:33 AM, Plaintiff Brian Caldwell was involved in a motor vehicle accident on N.J. Route 55 in Gloucester County, N.J., in which one individual, Wayne Doharty, was fatally injured.

18. Plaintiff called 911 and attempted to revive Mr. Doharty until officers from the Elk Township Police Department arrived and instructed him to stop.

19. Thereafter, New Jersey State Police arrived at the scene, including Defendant Troopers Cimato and Zima.

20. As a result of the accident, Plaintiff sustained a concussion and lost two lower teeth.

21. Plaintiff has had type 1 diabetes, also known as insulin-dependent diabetes, since childhood.

5

22. At all times material hereto, Plaintiff was wearing a Dexcom, which is used to monitor blood glucose levels, and an Omnipod, which is an insulin pump. Both items are wearable medical devices that pierce the patient's skin with a small needle and are attached with medical adhesive tape. Both devices connect to Bluetooth, which enables the patient to monitor and manage the devices via apps. Plaintiff's Dexcom and Omnipod were connected to his phone's Bluetooth.

23. At all times material hereto, on the advice of his endocrinologist, Plaintiff was using an insulin pump and rapid-acting insulin because other types of insulin and delivery no longer had efficacy in managing his diabetes.

24. At the scene, Plaintiff repeatedly informed officers and Defendant Troopers that he was diabetic and suffering from hyperglycemia, meaning his blood sugar was too high.

25. When Plaintiff is hyperglycemic, it can cause him, *inter alia,* blurry vision, tiredness, confusion, weakness, and lethargy.

26. Prolonged untreated hyperglycemia can result in ketoacidosis.

27. Emergency Medical Technicians ("EMTs") who responded to the scene asked one of the Defendant Troopers if Plaintiff needed medical attention.

28. The Defendant Trooper responded that she did not know and to ask him later.

29. Plaintiff never received treatment for his injuries or diabetes.

30. When Plaintiff was taken into custody by Defendant Troopers, Plaintiff again informed them that he was diabetic and needed to keep his phone and medical devices.

31. Plaintiff was transported to the State Police Barracks in Bellmawr, N.J.

32. Plaintiff was interviewed by Detective Fallon and an unknown Detective or Trooper, who ignored Plaintiff's serious medical needs.

33.     Plaintiff was transported to Cooper University Hospital in Camden, N.J. by Defendant Trooper Cimato to have blood drawn for a toxicology analysis.

34.     After the blood draw, Plaintiff was transported back to the State Police Barracks.

35.     At the State Police Barracks, Plaintiff was interviewed by Defendants Detective Fallon and Trooper Cimato, who ignored Plaintiff's serious medical needs.

36.     By this time, Plaintiff had been hyperglycemic for hours and was exhibiting symptoms, including but not limited to delirium, fatigue, and exhaustion.

37.     Plaintiff went approximately five and a half (5.5) hours without insulin while in the custody of Defendant New Jersey State Police.

38.     Plaintiff did not receive medical treatment for his diabetes or his injuries from the accident while in the custody of Defendant New Jersey State Police.

39.     Upon information and belief, Defendant New Jersey State Police receives federal funding.

40.     Plaintiff was held at the State Police Barracks until approximately 8:30 PM, when he was transported to SCCF by Trooper Cimato.

41.     During the transport, Plaintiff was transferred from Trooper Cimato to an unknown Trooper "John Doe".

42.     While in the vehicle with Trooper John Doe, Plaintiff repeatedly asked for help, asked for his phone to check his blood sugar, and alerted the Trooper to his need for insulin.

43.     Trooper John Doe responded, "They fed you as soon as you left."

44.     When Plaintiff continued to ask for help, Trooper John Doe responded, "I know what dopesick is," and repeated that to Plaintiff multiple times.

45. Upon arrival at SCCF, Plaintiff told Defendant John/Jane Doe Corrections Officers that he was diabetic and needed his Omnipod.

46. Plaintiff's Omnipod was confiscated at intake.

47. Plaintiff was told by a Defendant John/Jane Doe Nurse at SCCF that it was against their policy to allow diabetics to have insulin pumps.

48. Plaintiff tried to explain his particular need for rapid-acting insulin, per his endocrinologist's order, because other types of insulin were not effectively managing his diabetes.

49. Plaintiff was told by Defendant John/Jane Doe Doctors and Nurses at SCCF that they only had mixed insulin, that was 70% long-acting insulin and 30% rapid-acting insulin.

50. Plaintiff's medical crisis was ignored by Defendant John/Jane Doe Doctors and Nurses at SCCF.

51. Occasionally, Defendant John/Jane Doe Nurses at SCCF would walk by Plaintiff's cell and would check his blood sugar and give him insulin.

52. The limited care Plaintiff received at SCCF was improper and inadequate.

53. While at SCCF, Plaintiff went into ketoacidosis.

54. As a result of his medical crisis, Plaintiff experienced, *inter alia*, difficult and abnormal breathing, hallucinations, and delirium.

55. To the extent Plaintiff was able to be cognizant during this time, Plaintiff feared for his life, as untreated ketoacidosis can lead to a coma and death.

56. Plaintiff spoke with Plaintiff Mrs. Caldwell and other family members on video call while at SCCF.

57. Plaintiff Mrs. Caldwell observed that Plaintiff was delusional and incoherent during these calls.

58. Plaintiff Mrs. Caldwell observed Plaintiff's rapid weight loss and deteriorating physical condition at SCCF.

59. Plaintiff developed a bed sore in the custody of SCCF that went untreated.

60. On July 19, 2022, Plaintiff appeared for video court and was released from SCCF after twelve (12) days.

61. During the twelve (12) days that Plaintiff was in the custody of the State of New Jersey and Salem County, Plaintiff lost forty (40) lbs.

62. Plaintiff was largely unable to ambulate when he was released due to the physically frail state Defendants' conduct left him in.

63. Upon information and belief, Defendant Salem County d/b/a/ SCCF received federal funding for its facilities, which also house federal inmates.

64. Upon information and belief, Defendants Salem County d/b/a SCCF and CFG Health Systems have a policy, practice, or custom including failing to render proper and timely medical treatment to detainees and inmates; including failing to render proper and adequate medical treatment to diabetic detainees and inmates; including failure to ensure that detainees and inmates have access to proper equipment, medical devices, and accommodations therefore; including failure to keep and maintain proper medication and supplies to care for diabetic patients; including failure to train medical staff on how to treat diabetic patients.

65. Upon information and belief, Defendant Cuzzupe was the final decision maker for Defendant Salem County.

66. Upon information and belief, Defendant Rahaman was the final decision maker for Defendant CFG Health Systems, LLC.

67. As a result of Defendants' conduct, Plaintiff endured physical and mental suffering.

68. As a result of Defendants' conduct, Plaintiff suffered and continues to suffer diabetic neuropathy, memory loss, and physical frailty making him more susceptible to injury.

69. Prior to this incident, Plaintiff owned and operated a successful drywall business.

70. As a result of Defendants' conduct, Plaintiff is physically and mentally unable to continue operating his drywall business as before and has lost income.

71. As a result of Defendants' conduct, Plaintiffs have had to sell their home.

72. As a result of Defendants' conduct, Plaintiff Mrs. Caldwell has lost the individual she married. Specifically, Plaintiff Mrs. Caldwell has lost the intimate companionship and financial security Plaintiff provided prior to his experience with Defendants.

## COUNT I
### 42 U.S. Code §1983 Deprivation of 4th and 14th Amendment Rights
### Cruel and Unusual Punishment/Failure to Provide Medical Care/Deliberate Indifference
### Plaintiff v. Defendants John/Jane Doe Corrections Officers, John/Jane Doe Doctors and Nurses, Detective Fallon, Trooper Cimato, Trooper Zima

73. Plaintiffs incorporate the foregoing paragraphs as if set forth fully herein.

74. Defendants showed deliberate indifference to Plaintiff's serious medical needs, including but not limited to his diabetes and the injuries he sustained in the accident.

75. Defendants' actions were violations of Plaintiff's clearly established and well-settled state and federal Constitutional and other legal rights.

76. As a direct and proximate result of Defendants' negligence, carelessness, and recklessness, Plaintiff endured physical suffering, humiliation, shame, and mental anguish.

## COUNT II
### 42 U.S. Code §1983 Deprivation of 4th and 14th Amendment Rights
### Monell
### Plaintiff v. Salem County, CFG Health Systems

77.   Plaintiffs incorporate the foregoing paragraphs as if set forth fully herein.

78.   Prior to the events set forth above, Defendants developed and maintained policies, practices, procedures, and customs exhibiting deliberate indifference to the Constitutional rights of Plaintiff, which caused violations of Plaintiff's constitutional and other rights.

79.   Specifically, Defendants had policies of:

   a.   Failing to render proper and timely medical treatment to detainees and inmates;

   b.   Failing to render proper and adequate medical treatment to diabetic detainees and inmates;

   c.   Denying detainees and inmates access to proper equipment, medical devices, and accommodations therefore;

   d.   Providing and maintaining limited and inadequate medicine and supplies for diabetic inmates; and,

   e.   Inadequate training of medical staff and corrections officers on diabetic detainees and inmates.

80.   Upon information and belief, Defendant Cuzzupe was the final decision maker for Defendant Salem County.

81.   Upon information and belief, Defendant Rahaman was the final decision maker for Defendant CFG Health Systems, LLC.

82.   As a direct and proximate result of Defendants' conduct, Plaintiff has endured physical suffering, humiliation, shame, and mental anguish.

11

**COUNT III**
**42 U.S. Code §1983 Deprivation of Rights Under the Americans with Disabilities Act**
**Plaintiff v. Defendants State of New Jersey, Salem County, CFG Health Systems**

83. Plaintiffs incorporate the foregoing paragraphs as if set forth fully herein.

84. Plaintiff is a qualified individual with a disability, as a type 1 diabetic that substantially limits major life activities as it requires continuous monitoring and maintenance medication.

85. While in the custody and care of Defendants, Plaintiff received inadequate and ineffective maintenance treatment for his diabetes and was deprived of medical treatment for his serious condition.

86. Plaintiff's disability was the reason for his exclusion from medical care.

87. As a direct and proximate result of Defendants' conduct, Plaintiff has endured physical suffering, humiliation, shame, and mental anguish.

**COUNT IV**
**42 U.S. Code §1983 Deprivation of Rights Under the Rehabilitation Act**
**Plaintiff v. Defendants New Jersey, Salem County**

88. Plaintiffs incorporate the foregoing paragraphs as if set forth fully herein.

89. Upon information and belief, Defendant Salem County receives federal funding for its correctional facilities.

90. As a direct and proximate result of Defendants' conduct, Plaintiff has endured physical suffering, humiliation, shame, and mental anguish.

**COUNT V**
**Professional Negligence/Simple Negligence**
**Plaintiff v. Defendant John/Jane Doe Doctors and Nurses**

91. Plaintiffs incorporate the foregoing paragraphs as if set forth fully herein.

92. At all times material, Defendants breached their duty of care to Plaintiff, acting negligently, recklessly, and carelessly, and in the following regards, respectively:

12

a.  Failing to provide Plaintiff with proper medical care;

b.  Failing to provide Plaintiff with proper and adequate maintenance medications;

c.  Failing to provide Plaintiff with equipment, medical devices, and accommodations therefore;

d.  Failing to provide Plaintiff with proper medical care while he was in ketoacidosis;

e.  Other conduct that deviated from the applicable standard of care.

93. As a direct and proximate result of Defendants' negligence, carelessness, and recklessness, Plaintiff endured physical suffering, humiliation, shame, and mental anguish.

## COUNT VI
### Intentional Infliction of Emotion Distress
### Plaintiff v. Defendants John/Jane Doe Corrections Officers, John/Jane Doe Doctors and Nurses

94. Plaintiffs incorporate the foregoing paragraphs as if set forth fully herein.

95. Defendants intentionally caused severe emotional distress to Plaintiff by their willful, wanton, extremely reckless, and indifferent conduct.

96. Defendants' conduct was so outrageous in character and was so extreme to a degree that a reasonable member of the community would regard the conduct as atrocious, going beyond all possible bounds of decency, and being utterly intolerable in a civilized community.

97. As a direct and proximate result of Defendants' conduct, Plaintiff has endured physical suffering, humiliation, shame, and mental anguish.

## COUNT VII
### Negligent Infliction of Emotion Distress
### Plaintiff v. Defendants John/Jane Doe Corrections Officers, John/Jane Doe Doctors and Nurses

13

98.     Plaintiffs incorporate the foregoing paragraphs as if set forth fully herein.

99.     Defendants negligently caused severe emotional distress to Plaintiff when they neglected his serious medical condition causing that caused him to sustain a serious bodily injury.

100.    As a direct and proximate result of Defendants' conduct, Plaintiff has endured physical suffering, humiliation, shame, and mental anguish.

## COUNT VIII
### Loss of Consortium
**Plaintiff Mary Caldwell v. Defendants John/Jane Doe Corrections Officers, John/Jane Doe Doctors and Nurses**

101.    Plaintiffs incorporate the foregoing paragraphs as if set forth fully herein.

102.    At all times material hereto and to present, Plaintiff and Plaintiff Mrs. Caldwell are married.

103.    As a result of Defendants' conduct, Plaintiff suffered a serious personal injury.

104.    As a result of Defendants' conduct, Plaintiff Mrs. Caldwell has lost the marital affections, comfort, society, assistance, and services of her spouse.

**WHEREFORE,** Plaintiffs demands judgment in their favor, and against Defendants, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs, punitive damages, attorney's fees, and such other relief as this Honorable Court deems just, including equitable injunctive relief.

14

Respectfully submitted,

**WEISBERG LAW**                                     **SCHAFKOPF LAW, LLC**

 /s/ Matthew Weisberg                                 /s/ Gary Schafkopf
Matthew B. Weisberg, Esq.                           Gary Schafkopf, Esq
Attorney ID No.: 01565-2000                         Attorney ID No: 01224-2000
David A. Berlin, Esq.                               11 Bala Ave
Attorney ID No.: 02867-2012                         Bala Cynwyd PA 19004
7 South Morton Ave.                                 610-6644-5200
Morton, PA  19070                                   Fax: 888-283-1334
610-690-0801
(610) 690-0880 – Fax


                                                    ***Attorneys for Plaintiff***